ALFANO & CO. ET AL. *v.* UNITED STATES (No. 2879)[1]

United States Court of Customs Appeals, June 6, 1927

*Allan R. Brown* for appellants.

*Charles D. Lawrence,* Assistant Attorney General (*Peter A. Abeles,* special attorney, of counsel), for the United States.

[1] T. D. 42241.

[Oral argument May 11, 1927, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

This case presents for decision the question of whether certain figured cotton cloth, Jacquard woven, is properly classifiable under paragraph 909 or under paragraphs 903 and 906 of the Tariff Act of 1922.

The material part of paragraph 909 is as follows:

\* \* \* Jacquard woven upholstery cloths, \* \* \* in the piece or otherwise, composed wholly or in chief value of cotton or other vegetable fiber, \* \* \*

Paragraphs 903 and 906 provide for duties upon cotton cloth based upon the average number of yarns per pound, with additional duties if woven with Jacquard attachments. The cloth was classified by the collector under paragraph 909, and there is no question that if this classification was not correct, it should have been assessed under the provisions of paragraphs 903 and 906, as claimed in importers' protest.

It is agreed that practically the same issue was before the Board of General Appraisers, now the United States Customs Court, in *Meadows, Wye & Co.* v. *United States,* reported in T. D. 40481, G. A. 8893, and that the decision there was adverse to the contention which the importers make here. By agreement of counsel the testimony of record in that case was incorporated in the record made below, and it contains the material evidence relied upon by counsel on both sides to support their respective contentions. The Customs Court overruled the protest upon the authority of its decision in the *Meadows, Wye* case.

As appears by the opinion in that case, the Board of General Appraisers, found that the cloth there in question was—

used only as ticking or covering for high-grade bed mattresses, box springs and bed pillows, \* \* \* that the ticking can not very well be used for upholstering chairs and articles of that nature, for the reason that the color contrast would not harmonize with the other decorations in a room, \* \* \* that the material would not be strong enough for upholstering chairs, etc., without also using a lining, as the hair would otherwise come through; and that it would be too expensive to use it that way. \* \* \*

The board carefully considered various cases in this court on the subject of upholstery goods, quoted lexicographers as to the meaning of "upholster" and "upholstery," and concluded—

that while the word "upholstery" covers all textile decorations or hangings of a room or apartment, it equally covers all goods and materials used in upholstering or covering furniture, \* \* \*.

It held that a bed or mattress was furniture and that the ticking used to cover the same was classifiable as Jacquard woven upholstery cloths under paragraph 909.

It is agreed that the findings of fact in the *Meadows, Wye* case are applicable to the importations here. No appeal was taken in that case.

Among other things, counsel for importers here contends that this ticking is not upholstery cloth because it is not used for interior household decoration. But in the common meaning of the term upholstery cloth is not limited to such cloth as is used solely for decoration. In the opinion in *Bing & Co.'s Successors* v. *United States*, 3 Ct. Cust. Appls. 115, definitions of "upholstery" as "furniture covered with textile material, and hangings, curtains, and the like; a general term for all such interior decorations and fittings as are made with textiles," and also, as "goods or materials used in upholstery," were quoted with approval. The statute there involved provided for upholstery goods instead of upholstery cloths. In the case at bar it is not claimed that any commercial meaning of the word "upholstery" has been shown.

While the later definitions of "upholstery" and "upholster" vary somewhat, according to the dictionaries consulted, from those referred to in the *Bing* case, they are, in substance, of the same import. Webster's New International Dictionary gives the following definitions:

*Upholstery:* Furniture or interior fittings, as hangings, cushions, curtains, coverings, etc., covered or made with textile materials, leather, and the like; * * *.

*Upholster:* To furnish (rooms, carriages, bedsteads, chairs, etc.) with hangings, coverings, cushions, etc.; to adorn with furnishings in cloth, silk, etc.; as, to *upholster* a couch.

We think it is clear, in view of the opinion in the *Bing* case and the definitions recognized by all lexicographers, that the common meaning of upholstery includes not only certain articles upholstered, but also the material used in upholstering the same, whether such articles or materials are decorative or not. So assuming, the provision for Jacquard woven upholstery cloths, in the piece or otherwise, includes Jacquard woven cloths used as material for upholstery purposes.

The importer, however, further contends that the ticking in question is not upholstery cloth because it is found to be exclusively used for covering box springs, bed mattresses, and bed pillows, urging in support of this contention that such articles are not furniture but are household goods.

We deem any considerable discussion of this contention unnecessary. It may be true that the term "household goods" includes box springs, bed mattresses, and pillows, but that fact does not pre-

vent them from being either upholstery or articles upholstered. It is common knowledge that articles other than chairs and couches are upholstered—that is, covered in part or in whole with some material, textile or otherwise—and without doubt the material used for such upholstering is upholstery material. Generally speaking, no sleeping room would be regarded as furnished unless it contained a bed. Box springs, bed mattresses, and bed pillows are commonly regarded as parts of beds. Cloth used for covering them is material used for upholstery purposes.

As further indicating the views of this court in cases involving similar issues, reference is made to *Bing & Co.* v. *United States, supra; Carter & Son* v. *United States,* 6 Ct. Cust. Appls. 253; *United States* v. *Snow's U. S. Sample Express Co.,* 6 id. 477; *United States* v. *Mills & Gibb,* 7 id. 388.

The judgment of the United States Customs Court is *affirmed.*